Affirmed.

### In re FINK.

### Patent Appeal No. 3035.

Court of Customs and Patent Appeals.

Dec. 19, 1932.

Warfield, Fraser & Brown, of New York City (William W. Fraser, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

From a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner, refusing to allow claims numbered 10 and 11, which were all the

claims of appellant's application, appeal is taken to this court.

Claim 10 is regarded as illustrative and reads: "10. A composite metal having relatively high electronic emissivity which comprises an alloy of a highly refractory metal from the imperial class including molybdenum, tantalum and tungsten with an emissive agent from the imperial class including zirconium, cerium, thorium and uranium, said alloy being relatively dense, homogeneous and substantially free from intercrystalline impurities including oxygen; said impurities being less in amount than can be ordinarily detected by quantitative methods."

The references relied upon are: Yunck, 1,422,019, July 4, 1922; Marden, 1,670,463, May 22, 1928.

■ Appellant's disclosure is of a composition metal comprising definite constituents such as are set forth in the above claim. Appellant attempts further to define his product in his claims by stating certain claimed characteristics which in claim 10 are expressed in the following language: " * * * Being relatively dense, homogeneous and substantially free from intercrystalline impurities including oxygen; said impurities being less in amount than can be ordinarily detected by quantitative methods."

As we understand the decision of the board, it is that the claims read directly upon Yunck's disclosure except for the difference that applicant's claims attempt to differentiate from Yunck by "merely defining certain matters of degree of purity of the product."

It was pointed out by the examiner that Yunck discloses an alloy of tungsten and thorium and a process of making the alloy and that Yunck states that the alloy is tough, has a high melting point, will not volatilize at high temperatures, and is free from the least traces of oxide. The examiner said: " * * * It is well established that a patent which describes an article with sufficient clearness to define the article is a reference for an article claim even if the process disclosed will not produce that article. [Citing In re Decker, 1911 C. D. 274 and Cohn v. United States Corset Co., 1877 C. D. 205]."

The gist of the decision by the board is, we think, expressed in the following language: "In view of the record we find that applicant is not entitled to a claim reading directly upon Yunck's disclosure and claims but merely defining certain matters of degree of purity of the product, where there is no reason to believe that Yunck would not have a product as pure as that disclosed by applicant so far as shown."

Appellant argues as follows:

"It is believed clear that applicant in disclosing a product free from intercrystalline impurities, including oxygen, has disclosed a product with a new characteristic not described or suggested by the prior art. * * *

"In the present case neither of the references relied upon in the prior art discloses or suggests a product free from intercrystalline impurities, including oxygen. Neither of the references discloses a process which is capable of producing such a product."

■ It is not necessary that a reference disclosing an article should disclose how to make the article in order that it be a good reference against an article claim. In re Marden et al., 48 F.(2d) 428, 18 C. C. P. A. 1119, and authorities cited therein. No method is claimed in appellant's application, and he has already received a patent for his method of making the alloy which is the subject-matter of the application at bar.

The board and the examiner both held that the purity of the product was merely a matter of degree. While there might be invention in the method of making such a product, the product itself, as far as is defined by the claims, shows nothing of patentable merit. As to this phase of the case see In re Schmidt et al., 45 F.(2d) 916, 18 C. C. P. A. 827; In re Schibsted, 49 F.(2d) 823, 18 C. C. P. A. 1430; and In re Richter, 53 F.(2d) 525, 19 C. C. P. A. 756.

We think the decision of the Board of Appeals, affirming that of the examiner, was proper, and it is affirmed.

Affirmed.